E-FILED
Wednesday, 18 November, 2026 10:42:16 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **ASHLEY NOEL TUTTLE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3144** |
| | ) | |
| **LOGAN CORRECTIONAL** | ) | |
| **CENTER *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1), followed by Motions for Leave to File Amended Complaints (Docs. 16, 87, 93) filed under 42 U.S.C. § 1983 by Plaintiff Ashley Noel Tuttle, an East Saint Louis, Illinois resident. Plaintiff has also filed Motions for Counsel (Docs. 11, 17, 27, 33, 53, 83) and Motions for Status (53, 78).

## I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Initial Complaint

### A. Alleged Facts

Plaintiff's initial pleading alleges constitutional violations against Logan Correctional Center ("LCC") Warden Michael Long; physicians Vidya Sagar Rao Morisetty, Nwachukwu, and Henze; Nurse Practitioners Steph Walters and Rosonbough, Nurse Law, and LCC.

Plaintiff's allegations concern, in pertinent part, the healthcare received at LCC. Plaintiff explains that Defendant Nwachukwu stopped her Suboxone and Sublocade prescriptions after transferring to LCC; she was denied a bottom bunk order; Defendant Morisetty administered Ibuprofen for her endometriosis, instead of ordering an ultrasound and laparoscopy; she was prescribed medication she was allergic to; no one has addressed her denture needs; Defendants Henze and Walters have not addressed her migraines; she has not been seen by an audiologist; she has not been seen by a "grievance committee," despite submitting duplicate emergency and nonemergency grievances; and Defendant Law threw her out of an examination room for mentioning her list of grievances. Plaintiff also claims she has not received her requested "credit days" and "there is mold, mildew, dust mites and lead-based paint etc." and "animal feces running down the walls" at LCC. (Doc. 1 at 6.)

### B. Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint needs only to contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff does not state plausible claims against Defendants Long and Rosonbough, as Plaintiff does not provide any facts that demonstrate or permit the inference that Long or Rosonbough deprived Plaintiff of a constitutional right. Additionally, Plaintiff does not assert claims against LCC because § 1983 claims are confined to persons acting under color of state law. *See Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law").

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under

the objective component, a plaintiff must demonstrate that his medical condition is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* In the medical care context, a "deliberate indifference" standard is used. *Estelle*, 429 U.S. at 104. A plaintiff may establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Medical professionals' treatment decisions are presumptively valid. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)). Thus, to be deliberately indifferent, a medical professional's decision must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)).

Plaintiff's claims regarding Defendant Nwachukwu stopping Plaintiff's prescriptions upon entering LCC, Defendant Morisetty's administration of Ibuprofen to

treat Plaintiff's endometriosis, and Defendants Henze and Walters' failure to address Plaintiff's migraines state plausible Eighth Amendment deliberate indifference claims.

However, Plaintiff's allegations regarding a bunk order denial, being administered allergic medication, dentures, and audiology do not state a claim without additional context. Similarly, Plaintiff does not state a claim against Defendant Law for requiring Plaintiff to leave the examination room absent facts which establish or permit the inference that Law's decision caused Plaintiff harm or deprived her of medical treatment. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985) ("The elements of a cause of action under section 1983 are (1) a constitutionally recognized duty on the part of the state to conform to a certain standard of conduct for the protection of others against an unreasonable risk of harm; (2) a failure to conform to that standard; (3) a causal connection between the state's failure and the plaintiff's injury; and (4) actual damage.").

Plaintiff's remaining claim regarding the alleged failure to follow grievance procedures also does not state a plausible claim. See *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("[T]he failure to follow a state's inmate grievance procedures is not a federal due-process violation.").

If Plaintiff seeks to amend her pleading further to rectify the Court's noted deficiencies, Plaintiff is advised that the Court does not accept piecemeal amendments. The amended complaint must stand completely on its own without reference to the initial pleading and must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561

(7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court also cautions Plaintiff that joining unrelated claims and unrelated defendants into his amended complaint violates the controlling principle in Rule 18(a). Fed. R. Civ. P. 18(a). Therefore, Plaintiff's allegations regarding credit days and the alleged conditions at LCC should be raised in separate lawsuits, as these allegations concern different alleged violations presumedly against different individuals at various times. In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").

## III. Motion for Leave to File an Amended Complaint

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 16) raises claims regarding the termination of her parental rights. In this regard, Plaintiff names the Baby Fold, the Bloomington Police Department, the Center for Human Services, Chestnut Health Systems, and the Illinois Department of Children and Family Services as

Defendants. Specifically, in Plaintiff's prayer for relief, Plaintiff seeks the return of her two children to her custody.

Initially, the Court notes that an amended complaint supersedes all prior complaints in their entirety. Therefore, a prior complaint does not revive a claim that was dropped in the amended complaint. *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012); *see also Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) ("Once the amended complaint was filed . . . it became the governing document in the case and any allegations . . . not brought forward fell by the wayside.").

Furthermore, "[s]ection 1983 provides a claim against a *person* acting under color of law who deprives another of a federal right. 42 U.S.C. § 1983 (emphasis added). Plaintiff does not name any person who allegedly violated her rights, and naming Illinois departments or entities is insufficient. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

More importantly, this Court lacks jurisdiction to consider Plaintiff's claim. "Among federal courts, only the Supreme Court of the United States has statutory authority to review the decisions of state courts in civil cases." *Milchtein v. Chisholm*, 880 F.3d 895, 897 (7th Cir. 2018) (citing 28 U.S.C. § 1257). "The *Rooker-Feldman* doctrine insists that other federal courts not usurp that authority." *Milchtein v. Chisholm*, 880 F.3d 895, 897 (7th Cir. 2018); *see also Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) ("Lower federal courts are not vested with appellate authority over state courts."); *see also Anderson v. Sika*,

2025 WL 1207356, at *2 (S.D. Ill. 2025) (dismissing the plaintiff request for relief from a state court judgment prohibiting contact with her children and their foster family for want of jurisdiction.) Thus, the Court denies Plaintiff's Motion for Leave to File an Amended Complaint.

**IV. Motions for Leave to File a Second and Third Amended Complaint**

Plaintiff acknowledges the Court's lack of jurisdiction in her subsequent Motion for Leave to File a Second Amended Complaint and Transfer Venue (Doc. 87). Therein, Plaintiff seeks to add parties, noting that this Court may not have subject matter jurisdiction to address her parental rights claim. In Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 93), she seeks to add more Defendants to her parental rights claim.

For the reasons noted in denying Plaintiff's Motion for Leave to File an Amended Complaint, the Court similarly denies Plaintiff's Motions for Leave to File a Second Amended Complaint and to Transfer Venue as well as her Motion for Leave to File a Third Amended Complaint. If Plaintiff seeks to appeal the state circuit court's judgment terminating her parental rights, she must file in the appropriate Illinois appellate jurisdiction.

**V. Motions for Counsel and Status**

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The Court can only ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a

district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motions for Counsel (Docs. 11, 17, 27, 33, 53, 83) are denied because she has not satisfied her threshold burden of demonstrating an attempt to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

Plaintiff's Motions for Status (53, 78) are granted. The Court will address Plaintiff's remaining motions in a separate Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Leave to File Amended Complaints (Docs. 16, 87, 93) are DENIED.**

2) **Plaintiff's Motions for Counsel (Docs. 11, 17, 27, 33, 53, 83) are DENIED.**

3) **Plaintiff's Motions for Status (Docs. 53, 78) are GRANTED.**

4) **According to the Court's screening of Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Henze, Morisetty, Nwachukwu, and Walters. Plaintiff's claim proceeds in an individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

5) **The Clerk of the Court is DIRECTED to terminate Law, Michael Long, Rosonbough, and LCC as parties.**

6) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. The Court will deny**

motions filed before counsel has entered an appearance as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

7) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.

8) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

10) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

11) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

12) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this

**lawsuit with prejudice.**

**13) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

**14) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**15) The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED November 18, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE